IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERMAN ANTWAN BROADHEAD, #246 842, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:15-CV-36-WKW-SMD |
| OFFICER QUENTEN D. RATCLIFFE, | ) ) ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Sherman Broadhead ["Broadhead"], an inmate incarcerated at the Holman Correctional Facility in Atmore, Alabama, files the instant civil rights action under 42 U.S.C. § 1983 alleging a claim of excessive force during his incarceration at the Draper Correctional Facility in Elmore, Alabama. The Complaint is filed against Correctional Officer Quenten Ratcliffe ["Ratcliffe"]. Plaintiff seeks $300,000 in damages.[1] (Docs. 1, 1-1).

Ratcliffe filed an answer, special report, a supplemental special report, and supporting evidentiary materials addressing Broadhead's claim for relief. (Docs, 13, 14, 23). In these filings, Ratcliffe denies he acted in violation of Broadhead's constitutional rights. *Id.* Upon receipt of Ratcliffe's special report, as supplemented, the Court issued an

---

[1] To the extent Broadhead seeks injunctive relief, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

order directing Broadhead to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioning Broadhead "the court may at any time thereafter and without notice to the parties (1) treat the special report, supplemental special report, and any supporting evidentiary materials as a motion for summary judgment." (Doc. 24) at 2.

Broadhead responded to Ratcliffe's report, as supplemented. *See* (Docs. 19, 28). Broadhead, however, did not submit any sworn statements in support of, or in opposition to, Ratcliffe's Motion for Summary Judgment, and therefore he failed to comply with Rule 56(e), *Federal Rules of Civil Procedure*. Further, Broadhead did not comply with 28 U.S.C. § 1746 because he did not attempt to make an unsworn declaration under penalty of perjury. Accordingly, neither the allegations in Broadhead's unsworn brief or statement of facts (Docs. 19, 28) may be considered as evidence when ruling on the motion for summary judgment. *See McCaskill v. Ray*, 279 Fed. App'x. 913, 915 (11th Cir. 2008) (litigant's unsworn allegations were not admissible on motion for summary judgment where litigant did not attempt to make the declarations under penalty of perjury). Broadhead's Complaint (Docs. 1, 1-1), however, was signed under penalty of perjury and is, therefore, treated by the Court like a sworn affidavit. *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) ("Where plaintiff has presented specific facts to the trial court, in sworn form, the court may not make such a credibility choice nor may it grant summary judgment against plaintiff on the procedural ground that he did not controvert the factual affidavits that controverted his sworn factual statements."); *Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) (*citing Perry*, 786 F.2d at 1095) ("[T]his Court has

recognized that facts alleged in an inmate's sworn pleading are sufficient [to defeat a properly supported motion for summary judgment] and that a separate affidavit is not necessary."). The Court will therefore consider Broadhead's Complaint in ruling on the Motion for Summary Judgment. Upon consideration of the Motion for Summary Judgment, the evidentiary materials filed in support thereof, and the sworn Complaint, the Court concludes the Motion for Summary Judgment is due to be denied.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Ratcliffe has met his evidentiary burden. Thus, the burden shifts to Broadhead to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593−94 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This Court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also United States v. Stein,* 881 F3d 853 (11th Cir. 2018) (holding that a plaintiff's self-serving and uncorroborated, but not conclusory, statements

4

in an affidavit or deposition may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [plaintiff's] sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage. . . . 'Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.'"). However, "[c]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (holding that conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact).

Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Broadhead's *pro se* status alone does not compel this Court to disregard elementary principles of production and proof in a civil case.

The Court has undertaken a thorough review of the evidence of record. In this case, Broadhead, through the submission of his sworn Complaint, has demonstrated a genuine dispute of material fact in order to preclude entry of summary judgment on his excessive force claim against Defendant Ratcliffe.

5

## II.  DISCUSSION

A.  **The Complaint**

On November 19, 2013, Broadhead was in his assigned cell in "lock up." (Docs. 1, 1-1). At approximately 7:25 a.m., Ratcliffe entered Broadhead's cell and punched him in the face. *Id.* Officer Lorenzo Mills entered the cell and pulled Ratcliffe off Broadhead. *Id.* Broadhead states "that's when Officer Ratcliffe started to hit me with his iron stick." *Id.* Ratcliffe struck Broadhead on his left arm causing a serious injury and also struck him on the back of his head as Officer Mills escorted him out of the cell. *Id.* Broadhead testifies Ratcliffe struck him eight or nine times with his iron stick "for nothing." *Id.* A nurse conducted a body chart on Broadhead following the incident. *Id.* Broadhead states Ratcliffe received a write-up from Warden John Crow regarding his interaction with Broadhead on November 19, 2013 and was re-assigned to another area of Draper. *Id.*

B.  **Absolute Immunity**

The capacity in which Broadhead brings suit against Ratcliffe is not clear from the complaint. To the extent Broadhead seeks to sue Ratcliffe in his official capacity, he is entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521,

1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that Ratcliffe is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).

C.   **Excessive Force Claim**

   *1. Qualified Immunity*

With respect to Broadhead's excessive force claim against Ratcliffe in his individual capacity, Ratcliffe argues he is entitled to qualified immunity. "Under the doctrine of qualified immunity, if the defendant establishes that he was acting within the scope of his discretionary authority when the alleged excessive force occurred, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136-1137 (11th Cir. 2007). To defeat qualified immunity, a plaintiff must show both that a constitutional violation occurred and that the constitutional right violated was clearly established. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009) (per curiam). In Eighth Amendment excessive force cases, however, 'the subjective element required to establish [the constitutional violation] is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution.' *Johnson v. Breeden*, 280 F.3d 1308,

1321-22 (11th Cir. 2002)." *Bowden v. Stokely*, 576 F. App'x 951, 954-955 (11th Cir. 2014) (per curiam). "While . . . there is no *per se* rule barring qualified immunity in Eighth Amendment cases, where the plaintiff has sufficiently alleged or shown a material dispute of fact as to an excessive force claim, summary judgment based on qualified immunity is not appropriate. *See Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002)." *Bowden*, 576 F. App'x at 956. Accordingly, this Court will consider whether Broadhead's allegation that Ratcliffe used excessive force against him for no reason and without provocation, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

### 2. Excessive Force

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id.* (internal quotations omitted). Broadhead told medical personnel an "officer came in cell and swung on me and I beat him up." *Id.* (internal quotations omitted). Regarding the objective component, a plaintiff must show "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. (internal quotations omitted). In addition, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "Injury and force . . . are

8

only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). The Court, however, further directed that "the relatively modest nature of [an inmate's] alleged injuries will no doubt limit the damages he may recover." *Id*. at 40.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)); *see also Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7-8, 112 S.Ct. 995; *see also Whitley*, 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson*, 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-01. "When prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins*, 559 U.S. at 38 (internal quotations and citation omitted). Thus, in an excessive force case such as the one at hand, "the core judicial inquiry

9

is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Bowden*, 576 F. App'x at 953 (internal quotations and citation omitted).

Ratcliffe's evidence reflects that on November 19, 2013, Broadhead refused the guard's order to report to the front of his cell to be handcuffed and to place his mattress at the front of his cell for pick up. Broadhead refused to comply with the order, claiming "It's not time for y'all to take up mattresses yet." After taking mattresses already retrieved from other inmates to the end of the aisle, Ratcliffe returned to Broadhead's cell and told him to stand at the rear of the cell which Broadhead did. Ratcliffe then directed the cubicle officer to open Broadhead's cell door. Ratcliffe, on observing Broadhead at the right rear of his cell with his back against the wall and his hands behind his back, reached down to pick up Broadhead's mattress. Broadhead stepped towards Ratcliffe stating "You're not getting my motherf***ing mattress." Ratcliffe placed his right hand on Broadhead's chest moving him backwards while ordering him to get back. Ratcliffe states Broadhead then struck him in the face. The guard responded by deploying his baton and striking Broadhead twice on the forearm. Ratcliffe then grabbed Broadhead around the upper torso and attempted to place him on the floor. On hearing the disturbance between Ratcliffe and Broadhead, Officer Mills entered the cell to provide assistance and observed Ratcliffe and Broadhead engaged in a struggle. Officer Mills radioed the cubicle officer requesting that a supervisor report to the segregation unit. Officer Mills grasped Broadhead's lower arms and placed them behind his back to be handcuffed. (Docs. 13-1, 13-2) at 2-3.

Shortly after 9:00 a.m. on November 19, 2013, correctional staff escorted Broadhead to the infirmary for a body chart. Broadhead's statement to medical personnel indicated an "officer came in cell and swung on me and I beat him up." On examination, medical staff noticed signs of trauma described as a "goose egg to back of head and to L[eft] forearm." Broadhead's medical exam further reflected he was alert, oriented x3, his breathing was even and unlabored, and noted the goose eggs to the back of his head and to his left forearm which also had a laceration. Medical staff ordered an x-ray, cleansed and bandaged Broadhead's wound, and released him to custody of correctional staff. (Doc. 13-2) at 7; (Doc. 23-2) at 9–11.

Even though Ratcliffe disputes the version of events presented by Broadhead, this Court is required at this stage of the proceedings to view the facts in the light most favorable to Broadhead and to draw all reasonable inferences from those facts in his favor. *Bradley v. Franklin Correctional Service, Inc.*, 739 F.3d 606, 608 (11th Cir. 2014); *Anderson v. Liberty Lobby*, 477 U.S. at 255 (all justifiable inferences are to be drawn in favor of the party opposing summary judgment). In that vein, Broadhead states Ratcliffe punched him in the face and repeatedly hit him with a baton on his left arm and on the back of the head for no reason. Broadhead maintains he received medical care for a serious injury including a "busted" arm and injuries to the back of his head from being struck with a baton and states his injuries were photographed. Broadhead asserts Warden Crow wrote up Ratcliffe for the actions he took again him (Broadhead) and took the guard "away from around [him]." This version of the events could support an Eighth Amendment excessive force claim. *Bowden*, 576 F. App'x at 954.

Ratcliff denies the use of excessive force and maintains that at no time during the incident in question did he utilize more force than necessary to subdue and gain control of Broadhead after the inmate refused orders and assaulted him. Nevertheless, viewing the facts in the light most favorable to Broadhead, the Court concludes Ratcliffe is not entitled to qualified immunity as Broadhead has alleged facts sufficient to survive Defendant's Motion for Summary Judgment regarding Broadhead's excessive force claim. *Skrtich*, 280 F.3d at 1301. Specifically, disputed issues of material fact exist regarding whether Broadhead attacked Ratcliff, the need for the use of force by Ratcliffe, the nature of the force he used, and whether he acted "maliciously and sadistically" to cause harm. Consequently, the Motion for Summary Judgment regarding Broadhead's excessive force claim against Defendant Ratcliffe in his individual capacity is due to be denied.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion for Summary Judgment (Doc. 13) be GRANTED in part and DENIED in part as addressed herein.

1. Defendant's Motion for Summary Judgment regarding Plaintiff's claims for monetary damages lodged against him in his official capacity be GRANTED and these claims be DISMISSED with prejudice as Defendant is entitled to absolute immunity from such relief.

2. Defendant's Motion for Summary Judgment regarding Plaintiff's claim of excessive force lodged against him in his individual capacity be DENIED.

3.  This case be set for an evidentiary hearing on Plaintiff's excessive force claim against Defendant Ratcliffe.

It is further

ORDERED that **on or before June 7, 2019**, the parties may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of May, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE